*United States v. Assa Co. Ltd.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

—————————

August Term 2018

(Argued: May 1, 2019 | Decided: August 9, 2019)

Docket No. 17-3658

UNITED STATES OF AMERICA, RENAY FRYM, STUART E. HERSH,
ABRAHAM MENDELSON, DANIEL MILLER, ELENA ROZENMAN, NOAM
ROZENMAN, TZVI ROZENMAN, DEBORAH RUBIN, JENNY RUBIN,
DANIEL MILLER, CARLOS ACOSTA, MARIA ACOSTA, TOVA ETTINGER,
IRVING FRANKLIN, BNORMAN KAHANE, ETHEL J. GRIFFIN,

*Plaintiffs-Appellees*,

CARLOS ACOSTA, ET AL.,

*Claimants-Appellees*,

v.

ASSA CO. LTD., ASSA CORPORATION,

*Defendants-Appellants*,

ALL RIGHT, TITLE, AND INTEREST OF ASSA CORPORATION, ET AL.,

*Defendants-in-rem*.

—————————

Before:

PARKER, WESLEY, and CHIN, *Circuit Judges*.

This civil-forfeiture appeal asks, among other things, whether the United States District Court for the Southern District of New York (Forrest, *J.*) erred by exercising subject matter jurisdiction over a foreign state's property or abused its discretion by rejecting the Defendants-Appellants' statute-of-limitations defense *sua sponte*. We hold that the district court had jurisdiction because the Foreign Sovereign Immunities Act does not foreclose *in rem* civil-forfeiture suits against a foreign state's property. However, the court abused its discretion by *sua sponte* resolving the statute-of-limitations issue without providing the Defendants-Appellants notice or an opportunity to defend themselves. An accompanying summary order considers, and rejects, the Defendants-Appellants' additional challenges. We **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this opinion.

————————————

PETER I. LIVINGSTON, Anderson Kill P.C., New York, NY (Deborah B. Koplovitz, Anderson Kill P.C., New York, NY; Donald F. Luke, Marjory T. Herold, Jaffe & Asher LLP, New York, NY, *on the brief*), *for Defendants-Appellants*.

DANIEL M. TRACER, Assistant United States Attorney (Michael D. Lockard, Daniel B. Tehrani, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

————————————

WESLEY, *Circuit Judge*:

In 2013, the United States District Court for the Southern District of New York (Forrest, *J.*) ordered via summary judgment the forfeiture of certain property interests held by the Alavi Foundation, 650 Fifth Avenue Company, and

Defendants-Appellants Assa Co. Ltd. and Assa Corporation (collectively, "Assa").

Three years later, we vacated the judgment as it pertained to Alavi and 650 Fifth

Ave. Co. because, among other things, the district court had *sua sponte* rejected

their statute-of-limitations defense without providing them notice or an

opportunity to respond. *In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 75 (2d Cir.

2016). Although these errors also applied to Assa, the judgment against it was

unaffected because Assa did not appeal at that time. *Id.* at 86 n.17.

After further proceedings not involving Assa, the judgment became final

and Assa appealed. In addition to challenging the *sua sponte* denial of its statute-

of-limitations defense, Assa argues that the district court lacked subject matter

jurisdiction because, in its view, a foreign state's property is immune from *in rem*

civil-forfeiture suits under the Foreign Sovereign Immunities Act ("FSIA"). Assa

also argues that the district court abused its discretion by denying its motion to

stay the proceeding and through various discovery orders.

The district court had subject matter jurisdiction. However, for substantially

the same reasons we stated three years ago as to Alavi and 650 Fifth Ave. Co., the

court abused its discretion by deciding the statute-of-limitations issue without

providing Assa notice and an opportunity to respond. An accompanying

3

summary order explains why we find no abuse of discretion in the court's denial of Assa's motion to stay or in its various challenged discovery orders.

We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND[1]

Assa Corporation is a New York corporation formed in 1989. It is wholly owned by Assa Co. Ltd., a corporation formed in Jersey, Channel Islands. Assa Co. Ltd. was originally owned by Harter Holdings Ltd., which Bank Melli acquired in 1993. In 1995, Bank Melli transferred Harter to Davood Shakeri and Fatemeh Aghamiri. The parties dispute whether Bank Melli, which is owned and controlled by the Government of Iran, continued to control Assa after 1995, the year the relevant economic sanctions against Iran took effect.[2]

This action began in 2008, when the Government filed a complaint in the United States District Court for the Southern District of New York (Holwell, *J.*)

---

[1] The full set of facts giving rise to this lawsuit appears in a companion opinion. *See In re 650 Fifth Ave. & Related Props.*, No. 17-3258(L) (2d Cir. 2019). We assume general familiarity with that background and focus here on the facts pertaining to this appeal.

[2] While Assa disputes this post-1995 control finding on appeal, Alavi and 650 Fifth Ave. Co. concede this fact. We address the merits of Assa's challenge in a companion opinion.

seeking the forfeiture of property belonging to Assa and Bank Melli under 18 U.S.C. § 981(a)(1). The centerpiece of this property is 650 Fifth Avenue, a 36-story skyscraper in Midtown Manhattan featuring retail and office space. The Government alleged that the property was traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and to money-laundering transactions in violation of 18 U.S.C. §§ 1956 and 1957. The premise of these allegations was that Assa and Bank Melli are owned and controlled by the Government of Iran and provided services to Iran in violation of the Iranian Transactions Regulations. *See, e.g.*, 31 C.F.R. § 560.204. In November 2009, the Government amended its forfeiture complaint to add certain property interests of Alavi and 650 Fifth Ave. Co.

The parties cross-moved for summary judgment at the close of discovery. The district court (Forrest, *J.*)[3] granted summary judgment to the Government, ordering that Assa, Alavi, and 650 Fifth Ave. Co. forfeit most of the property interests cited in the amended complaint. *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934 (KBF), 2013 WL 5178677, at *3 & n.14 (S.D.N.Y. Sept. 16, 2013); *see*

---

[3] In February 2012, the Southern District reassigned the case from Judge Holwell to Judge Forrest.

*also In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934 (KBF), 2014 WL 1516328, at *1 (S.D.N.Y. Apr. 18, 2014) (ordering forfeiture of additional Alavi property interests). Although no party had briefed the issue of whether the Government's action was timely filed within the relevant statute-of-limitations period, *see* 19 U.S.C. § 1621, the district court considered and rejected that defense *sua sponte*. *Id.* at *36.

After additional proceedings, Alavi and 650 Fifth Ave. Co.—but not Assa— moved for final judgment under Federal Rule of Civil Procedure 54(b) as to their property interests. *See In re 650 Fifth Ave.*, 830 F.3d at 86. The district court granted this motion, enabling those parties to appeal. *Id.* We vacated the summary judgment with respect to Alavi and 650 Fifth Ave. Co. Among other things, we held that the court violated Rule 56(f) by *sua sponte* disposing of their statute-of-limitations defense. *Id.* at 75. As Assa was not a party to the appeal, we left the judgment—which was not yet final—undisturbed as it applied to Assa. *Id.* at 86 n.17.

In 2017, after Alavi and 650 Fifth Ave. Co. took their cases to trial, the district court entered final judgment resolving all claims for all parties. As was its right, Assa appealed at that time.

**DISCUSSION**

Assa raises four challenges to the district court's orders. This opinion addresses two of them: subject matter jurisdiction, and the district court's *sua sponte* denial of Assa's statute-of-limitations defense.

I. **The District Court Had Subject Matter Jurisdiction, and the FSIA's Immunity Regime Does Not Foreclose *In Rem* Civil-Forfeiture Suits Against Property Belonging to a Foreign State.**

Federal district courts have limited subject matter jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They may not adjudicate a case or controversy unless authorized by both Article III of the United States Constitution and a federal jurisdictional statute. *Id.* A party may challenge subject matter jurisdiction at any time. *See, e.g., Capron v. Van Noorden*, 6 U.S. 126, 126–27 (1804).

The district court had jurisdiction under Article III, both because the United States is a party and the action arises under federal law. *See* U.S. Const. art. III, § 2, cl. 1. The issue is whether it had statutory jurisdiction.

The Government cited two jurisdictional statutes in its complaint that appear to authorize jurisdiction. Under 28 U.S.C. § 1345, district courts have jurisdiction over any suit commenced by the United States. And under 28 U.S.C.

7

§ 1355, district courts have jurisdiction over civil-forfeiture proceedings arising under federal law.

Assa does not dispute that these statutes appear to apply. Instead, it argues that the FSIA displaces them and that we must look to its separate jurisdictional requirements. Under the FSIA, Assa contends that it is immune from *in rem* civil-forfeiture suits.

The gateway into the FSIA's immunity regime is the phrase "foreign state." The FSIA's jurisdictional provision, 28 U.S.C. § 1330(a), states that district courts "shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a *foreign state* as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity." *Id.* (emphasis added). The FSIA's immunity provision, 28 U.S.C. § 1604, adds that subject to certain exceptions, "a *foreign state* shall be immune from [federal and state] jurisdiction." *Id.* (emphasis added). Section 1603(a) explains that a "foreign state . . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state," with the latter category roughly referring to certain legal persons controlled by foreign governments. 28 U.S.C. § 1603(a)–(b).

8

If the defendant is a foreign state, the lawsuit *must* go through the FSIA gateway. In *Argentine Republic v. Amerada Hess Shipping Corporation*, the Supreme Court held that "the FSIA [is] the sole basis for obtaining jurisdiction over a foreign state in our courts." 488 U.S. 428, 434 (1989).[4] However, if the defendant is not a foreign state, the gateway closes: § 1330(a) does not authorize jurisdiction, and § 1604 does not confer immunity. Courts must look to other statutory bases for jurisdiction.

Assa's argument is as follows. The premise of the Government's civil-forfeiture allegation is that Assa is a foreign state under the FSIA because Iran owns or controls it through Bank Melli. *See In re 650 Fifth Ave.*, No. 08 Civ. 10934 (KBF), 2013 WL 5178677, at *22. Granting this premise for the sake of argument, Assa counters that the assumption opens the FSIA gateway, as a suit against a foreign state's property is a suit against a foreign state. Because Assa contends that

---

[4] This language appears on its face to be about personal jurisdiction, as it refers to jurisdiction "over a foreign state" rather than jurisdiction over a controversy involving a foreign state. But the Court referred to both personal and subject matter jurisdiction. The premise of *Amerada Hess* was that plaintiffs seeking relief from Argentina sought to avoid the FSIA's immunity regime by asserting subject matter jurisdiction under the Alien Tort Statute, 28 U.S.C. § 1350, which lacks an immunity provision. *See id.* at 432–33. The "sole basis" holding came in the context of rejecting that argument and describing § 1330(a)'s grant of subject matter jurisdiction. *See id.* at 434.

none of the FSIA's immunity exceptions allow federal courts to hear *in rem* suits against a foreign state's property, it concludes that its property is immune from jurisdiction under the FSIA.

We disagree. Section 1603(a)'s definition of foreign state includes actual foreign states, their "political subdivision[s]," and their "agenc[ies] or instrumentalit[ies]." Property belonging to a foreign state does not fit any of these categories. As this is therefore not a suit against a foreign state, the FSIA gateway is closed. No jurisdiction flows from § 1330(a), and no immunity flows from § 1604.

*Amerada Hess* is not to the contrary. The Supreme Court held only that "the FSIA [is] the sole basis for obtaining jurisdiction over a *foreign state* in our courts." *Amerada Hess*, 488 U.S. at 434 (emphasis added). We understand "foreign state" in *Amerada Hess* to mean the same thing it does in the FSIA. The Court was not asked to decide, and did not decide, whether the FSIA is the sole basis—or any basis at all—for obtaining jurisdiction over a foreign state's *property*.

We recognize that foreign states have compelling interests in defending their property from civil forfeiture. But nothing that Assa brings to our attention suggests that Congress meant for the FSIA to address this concern. The statute's primary purpose was freeing the executive branch from a then-existing case-by-

case approach to foreign sovereign immunity, whereby courts would look to "suggestions of immunity" from the State Department. *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 487–88 (1983). Congress also sought to set uniform standards for controversies against foreign states. *Id.* at 488. These goals have little apparent nexus to foreclosing *in rem* civil-forfeiture suits.

To be sure, the FSIA is not completely silent on immunity in actions involving a foreign state's property. Section 1609 states that "the property in the United States of a foreign state shall be immune from attachment arrest and execution [subject to certain exceptions]." 28 U.S.C. § 1609. However, this language is of no help to Assa, as it refers to *quasi in rem* suits meant to enforce *in personam* judgments against a foreign state. A civil-forfeiture suit is an *in rem* proceeding brought directly against the property. Although *in rem* and *quasi in rem* proceedings both involve a *rem* (a "thing"), the relevant similarity ends there. Civil forfeiture does not involve the "attachment arrest and execution" forbidden by § 1609.

The background of § 1609 makes this point clear. Congress sought to clamp down on *quasi in rem* suits because they "caused significant irritation to many foreign governments" and could potentially "give rise to serious friction in United

11

States' foreign relations." H.R. Rep. No. 94–1487, at 27 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 6604, 6626. One could say the same of civil-forfeiture actions. But the only plaintiff that can claim civil forfeiture under § 981 is the United States. When the executive branch seeks the forfeiture of a foreign state's property, the judiciary is in no position to second-guess whether the lawsuit will harm our nation's foreign-policy goals.

The FSIA does not create jurisdiction over, and does not immunize a foreign state's property from, *in rem* civil-forfeiture actions.[5] Accordingly, this case does not implicate the rule that "the FSIA [is] the sole basis for obtaining jurisdiction over a *foreign state* in our courts." *Amerada Hess*, 488 U.S. at 434 (emphasis added). We may therefore look to other federal jurisdictional statutes. The district court had jurisdiction under 28 U.S.C. §§ 1345 and 1355.

---

[5] The Fifth Circuit reached the same conclusion, albeit in a different context. *See In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001) ("[T]he . . . grant of jurisdiction found in 28 U.S.C. § 1330 . . . confers jurisdiction only over 'any claim for relief *in personam*' that is against a foreign state, not over *in rem* actions.").

**II.** **The District Court Violated Rule 56(f) with Respect to Assa by *Sua Sponte* Granting Summary Judgment to the Government on the Statute-of-Limitations Issue.**

In 2016, we held that the district court violated Rule 56(f) with respect to Alavi and 650 Fifth Ave. Co. by rejecting their statute-of-limitations defense without providing them notice and a reasonable time to respond. *See In re 650 Fifth Ave.*, 830 F.3d at 96–97 (citing Fed. R. Civ. P. 56(f)). The district court's erroneous holding also applied to Assa, but we did not vacate that aspect of the summary judgment because Assa was not a party to the appeal. *See id.* at 86 n.17.

Now that Assa's case is before us, the district court's error requires us to vacate the judgment against Assa. In one fell swoop, the court violated Rule 56(f) with respect to Assa, Alavi, and 650 Fifth Ave. Co. by rejecting their potentially dispositive affirmative defense without providing them notice and a reasonable time to respond. This decision was erroneous as to Assa for the same reasons we held it erroneous as to Alavi and 650 Fifth Ave. Co. *See generally id.* at 96–97.

The Government concedes that the district court committed a "procedural error." Appellee Br. 241. However, it argues that we should excuse the error on harmlessness grounds. In the Government's view, "Assa has not identified *any* evidence raising a material issue of fact supporting the defense." *Id.*

We disagree. We already held, on the same record before us now, that "[t]his is not a case where the record was so fully developed that [Alavi and 650 Fifth Ave. Co.] plainly suffered no prejudice from the procedural error." *In re 650 Fifth Ave.*, 830 F.3d at 97. This holding applies equally to Assa. The lack of an evidentiary record underscores, rather than undermines, Assa's need for a reasonable opportunity to present its evidence and arguments.

In effect, the Government's position is that we should decide an issue the parties did not brief below, even where we held that the district court abused its discretion by doing the same thing as to Alavi and 650 Fifth Ave. Co. This is not our ordinary practice, and it would be particularly inappropriate here. Everyone involved should have known that the error we identified in 2016 also affected Assa. On remand, nothing prevented the district court from correcting this error by requiring Assa to brief the issue—an issue the Government, Alavi, and 650 Fifth Ave. Co. were already briefing—and then revisiting the summary judgment decision. This simple fix would have saved Assa's case from sitting in limbo for years while awaiting inevitable vacatur.

We vacate the judgment. We express no opinion on whether Assa should be allowed to take discovery on its statute-of-limitations defense on remand, as this issue is not before us at this time.[6]

## CONCLUSION

We **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this opinion.

---

[6] We decline to address Assa's remaining challenges to the summary judgment, except as discussed in the accompanying summary order.